IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | | |
|---|---|---|
| THOMAS HILL, | ) | Case No. 2:07-cv-01449-MMS |
| Petitioner, | ) ) | ORDER |
| v. | ) ) | |
| JAMES TILTON, et al., | ) ) | |
| Respondents. | ) ) ) | |

Before the Court is Thomas Hill's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is DENIED.

**FACTS AND PROCEDURAL BACKGROUND**

On May 5, 2003, while incarcerated, Hill stabbed his cellmate, Kenneth Fowler, twelve times in the arm and once in the left thigh with a prison-made weapon. A correctional officer heard a yell for help coming from Hill's cell, and observed Hill making jabbing motions toward Fowler. Officers responding to the attack witnessed Hill flush the toilet. The weapon was later recovered from that toilet.

On February 18, 2004, Hill was charged with (1) assault with a deadly weapon and by means of force likely to produce great bodily injury by a prisoner serving less than a life term, Cal. Penal Code § 4501, and (2) possession of a deadly weapon by a prisoner, Cal. Penal Code § 4502(a). The complaint further alleged that Hill suffered three prior serious felonies and that he came within the provisions of California's Three Strikes law. After a jury trial, Hill was found guilty of both counts and sentenced to 35 years to life.

Hill maintained that Fowler initiated the attack. Hill contended that he wrestled the weapon from Fowler, utilized it in self-defense, and attempted to flush the weapon down the toilet in an effort to prevent Fowler from re-gaining possession of the weapon. During trial, Hill complained to the court that his attorney was refusing to call Fowler and Cornelius (Fowler's cellmate subsequent to Hill) as witnesses. After conducting a hearing pursuant to People v. Marsden, 2 Cal. 3d 118 (1970), the trial court found that defense counsel's decision not to call Fowler and Cornelius was supported by sound tactical reasons. Accordingly, the court denied the Marsden motion and refused to replace Hill's attorney.

Hill appealed to the California Court of Appeal, alleging that the trial court erred in denying his Marsden motion and failing to construe his motion to relieve counsel as a request for self-representation pursuant to Faretta v. California, 422 U.S. 806 (1975). With respect to the Marsden motion, the Court of Appeal found that defense counsel's decision not to call Fowler or Cornelius was not an unreasonable tactical decision or one that was likely to result in ineffective representation. The Court stated:

> At the Marsden hearing, defense counsel explained that he had decided not to call Fowler because he foresaw only three possible outcomes: Fowler could refuse to testify, or he could testify that defendant initiated the attack, neither of which would help defendant's case. Alternatively, if Fowler testified to initiating the attack, defense counsel believed that the prosecution would introduce evidence that both

defendant and Fowler were affiliated with a prison gang, the Skins. Defense counsel believed that evidence of gang affiliation would outweigh any beneficial testimony Fowler could provide.

As to Cornelius, defense counsel explained that even if Cornelius's testimony could overcome hearsay obstacles, it would still open the door to introduction of prejudicial prison gang evidence

. . . .

Here, defendant is correct that defense counsel did not know exactly what Fowler or Cornelius would testify to if called as witnesses. However, at the Marsden hearing, defense counsel explained that he had considered every scenario of Fowler and Cornelius testifying, and he articulated reasonable grounds why it was in defendant's best interest not to call them to testify. Knowing precisely what Fowler and Cornelius would testify to would not have changed this comprehensive calculus.

With respect to Hill's contention that the trial court should have considered his motion to relieve counsel as a motion to represent himself, the Court found that Hill's request for self-representation was equivocal and therefore inadequate under Faretta. See People v. Hines, 15 Cal. 4th 997, 1029 (Cal. 1997).

On December 10, 2007, Hill filed the current habeas petition alleging that the trial court's refusal to grant Hill's request to relieve counsel violated Hill's constitutional rights under the Sixth and Fourteenth Amendments, and that the trial court's failure to consider Hill's request for self-representation violated the Sixth Amendment. For the reasons discussed below, the petition is denied.

**STANDARD OF REVIEW**

The writ of habeas corpus is available to "a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As dictated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a district court's standard of review is described as follows:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## DISCUSSION

### I. Hill's ineffective assistance of counsel claim.

Hill's contention is that his trial counsel was ineffective for failing to call Fowler and Cornelius as witnesses. A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To prevail on such a claim, a petitioner must establish (1) that counsel's performance was deficient such that it fell below an "objective standard of reasonableness" under prevailing professional norms, id. at 687-88, and (2) that prejudice occurred as a result of counsel's deficient performance such that "there is a reasonably probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id. at 689. This assessment is highly deferential to defense counsel's decisions at trial. To be sure, the Supreme Court has noted that "a court must indulge a *strong presumption* that counsel's conduct falls within the wide range of reasonable professional assistance." Id. (emphasis added). This presumption may be overcome "only by demonstrating that 'the

4

identified acts or omissions were outside the wide range of professionally competent assistance,' meaning that the challenged action cannot reasonably be considered sound trial strategy under the circumstances of the case." Lord v. Wood, 184 F.3d 1083, 1085 (9th Cir. 1999) (citing Strickland, 466 U.S. at 693-94).

"Few decisions a lawyer makes draw so heavily on a professional judgment as whether or not to proffer a witness at trial." Id. at 1095. The decision not to call Fowler and Cornelius was within this professional judgment, and the judgment was reasonably and appropriately exercised. Although the decision was made without interviewing either of these individuals, an examination of the justification provided by trial counsel evidences that trial counsel's conduct did not fall below an objective standard of reasonableness under prevailing professional norms. See Strickland, 466 U.S. at 691 ("Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.").

As the California Court of Appeal found, in explaining why Fowler was not called as a witness, trial counsel identified three possible scenarios and the attendant ramifications of each scenario. Specifically, trial counsel stated:

> The first scenario is that if Mr. Fowler gets up on the stand, testifies, and says that Mr. Hill is the person that stabbed him. Which wouldn't help us at all.
>
> The other scenario is that if Mr. Fowler gets on the stand and testifies, and says, yes, I initially assaulted Mr. Hill, I'm the one that initiated the fight; then the down side about that is that Mr. Linthicum [the prosecutor] will start bringing in their affiliations, the gang testimony, and that would be, possibly, his way of assisting or promoting gang or gang activity.
>
> Even though I believe Mr. Hill is not a member of the Aryan Brotherhood, but maybe, [possibly] the Skins. The district attorney will then be bringing forward all this gang evidence that would greatly prejudice Mr. Hill.
> . . . .
> And a final thing is that Mr. Fowler could come here and assert the

5

Fifth Amendment in which case that wouldn't even be before the jury.

I don't see any benefit of bringing Mr. Fowler into court.

(ER 208, Lodged Document 4).

There is no evidence in the record that indicates Fowler would have provided testimony at Hill's trial other than asserting the Fifth Amendment. Requests to interview Fowler were "unanswered," and Fowler "refused to make a statement to C.D.C. officials concerning the incident." (Excerpts of Record 174, Lodged Document 1). Hill's own petition to this court states that the "[e]vidence showed that Fowler was not completely cooperative following the confrontation, having no willingness to explain how he came to be injured or to blame anyone." Counsel's failure to raise a meritless argument or to take a futile action does not constitute ineffective assistance of counsel. Rupe v. Wood, 93 F.3d 1434, 1444-45 (9th Cir. 1996).

Furthermore, Fowler's credibility could have been challenged. See United States v. Harden, 846 F.2d 1229, 1231-32 (9th Cir. 1988) (considering whether a witness is subject to impeachment and whether there is any evidence that the witness would have testified at trial as relevant to an ineffective assistance claim). The trial record contains a colloquy, held outside the presence of the jury and for the purpose of excluding certain evidence, where Hill's counsel notes that Fowler's rap sheet contains "arrest [] convictions for narcotic offenses," and that Fowler was serving a life sentence. (ER 218, Lodged Document 3). Further, Fowler's testimony may also have opened the door to presentation of Hill's affiliation with a prison gang, the Skins. During trial, Hill's counsel requested that the trial judge exclude evidence of Hill's tattoos, which depicted "Nazi symbols and signs and insignia." (ER 225, Lodged Document 3). Presentation of Hill's affiliation with the Skins would likely have negatively prejudiced Hill's case and was

6

appropriately considered by trial counsel as a reason for not calling Fowler as a witness.

Finally, trial counsel utilized Fowler's failure to appear as a witness as an argument in Hill's favor during closing argument. Trial counsel told the jury that

> There's been not one single shred or piece of evidence that shows that Mr. Fowler was not willing to cooperate in regards to this incident. . . .
>
> He was never given the opportunity to basically say what happened. But the People want you to speculate, they want you to guess. They are saying that, hey, I can't fulfill my burden of proof, I can't show you why Mr. Fowler isn't here . . . I want you to believe that people who testify from prison, they will be labeled as a snitch, that they do not want to come forward because they are going to get hit.
>
> Do not be fooled, do not be tricked. What do we have [here] concerning Mr. Fowler? Not a single thing.

(ER 344-45, Lodged Document 3).

Under the circumstances of this case, trial counsel's decision not to call Fowler as a witness could reasonably be considered sound trial strategy, particularly considering the "heavy measure of deference [owed] to counsel's judgments." Strickland, 466 U.S. at 691. The California Court of Appeal's finding that there was no ineffective assistance was not contrary to or an unreasonable application of Supreme Court precedent.

The decision not to call Cornelius as a witness was also a reasonable trial strategy and did not constitute ineffective assistance of counsel. During the Marsden motion hearing, trial counsel stated:

> As to Mr. Cornelius, his testimony would first have to be able to get through the hearsay requirements. Even assuming if the hearsay is able to get through, then I believe it would still open up the door for Mr. Linthicum [the prosecutor] to start bringing in all the gang evidence to be able to explain why Hill may have told Mr. Cornelius, or even to explain Mr. Cornelius's testimony.
>
> Because right now, I don't have any information about Mr. Cornelius. I don't know if he was a member of the Skins at that point in time. I don't have at this time sufficient information about Mr.

7

| | |
|---|---|
| 1 | Cornelius. All I do know is that he's serving a life [term.]" |
| 2 | (ER 209-10, Lodged Document 4). |

The California Court of Appeal found no error because "defense counsel explained that even if Cornelius's testimony could overcome hearsay obstacles, it would still open the door to introduction of prejudicial prison gang evidence." Indeed, it is unlikely that trial counsel could have overcome hearsay objections to any testimony that Cornelius may have presented. Even assuming that the trial court would have permitted the hearsay testimony, any presentation of Cornelius as a witness would have permitted the prosecutor to present Hill's affiliation with the Skins. Moreover, Hill has presented no evidence of record to indicate that Cornelius would have testified that Fowler told him anything about the events that transpired, let alone testified that Fowler told him that Fowler initiated the confrontation. See Dows v. Woods, 211 F.3d 480, 486 (9th Cir. 2000) (rejecting an ineffectiveness claim based on trial counsel's failure to interview or call an alibi witness, when there was no evidence in the record that the witness would have testified favorably for the defense, and stating, "Dows provides no evidence that this witness would have provided helpful testimony for the defense-i.e., Dows has not presented an affidavit from this alleged witness."). The California Court of Appeal's denial of Hill's claim that failing to call Cornelius constituted ineffective assistance of counsel was not contrary to or an unreasonable application of United States Supreme Court precedent.

**II.     Hill's <u>Faretta</u> claim.**

A criminal defendant has a Sixth Amendment right to self-representation. <u>Faretta</u>, 422 U.S. at 832. A defendant's decision to represent himself and waive the right to counsel must be unequivocal. See id. at 835; see also Adams v. Carroll, 875 F.2d 1441, 1444 (9th Cir. 1989). If a defendant equivocates, he is

presumed to have requested the assistance of counsel. See Adams v. Carroll, 875 F.2d at 1444.

Hill contends that "he did not specifically request that new counsel be appointed because he was requesting that he be permitted to represent himself." According to Hill, he "unequivocally stated that he wanted defense counsel relieved/discharged." Hill is incorrect that his actions were an unequivocal request to proceed *without* counsel. The trial court expressly asked Hill, "Alright, Mr. Hill, what [your trial counsel] is indicating is that it is your desire that this Court consider discharging Mr. Muller. Is that correct?" Hill responded, "Yes." Hill did not make an unequivocal request to represent himself. The California Court of Appeal's determination that Hill's request at trial was equivocal was not based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(2).

Petition DENIED.


DATED: March 17, 2009


/s/ *Mary M. Schroeder*
MARY M. SCHROEDER,
United States Circuit Judge
Sitting by designation